**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No.  07-20168 |
| **JAMES HEAGS,** | ) ) ) | 11-2196 |
| **Defendant.** | ) ) | |

**MEMORANDUM AND ORDER**

Defendant James Heags pled guilty to conspiracy to manufacture, possess with intent to distribute and to distribute 50 grams or more of cocaine base, "crack," and to possess with intent to distribute and to distribute five kilograms or more of cocaine (doc. 719). He received a 235-month prison sentence. Mr. Heags appealed his sentence, but the Tenth Circuit dismissed the appeal after concluding that the issues he raised fell within the appeal waiver contained in the plea agreement (doc. 1272).

Mr. Heags has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 1314), and for the reasons discussed below, that motion is denied.

**1.     Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255).  A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2.     Discussion**

Mr. Heags asserts that his attorney was ineffective for failing to challenge the quantity of drugs attributed to him at sentencing.  He also contends that his attorney was ineffective because he was under the influence of alcohol at sentencing.  The court will address these issues below, but it must first resolve a procedural concern.

*A.     Waiver*

Mr. Heags signed a plea agreement that included a waiver of his right to collaterally attack his sentence. The waiver excludes claims of ineffective assistance, but only regarding an attorney's negotiation of the plea agreement and waiver, which Mr.

Heags is not challenging.

The Government has not raised this waiver as a bar to this court's resolution of his § 2255 petition, however, and the court will not raise the issue sua sponte. *See United States v. Contreras–Ramos*, 457 F.3d 1144, 1145 (10th Cir.2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"); *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir.2004) (the government should file a motion to enforce plea agreement to enforce a waiver of rights contained in the agreement); *see also United States v. Callirgos–Navetta*, 303 F. App'x 585, 587 n. 2 (10th Cir.2008) (declining to enforce waiver sua sponte).

Therefore, the Court may consider Mr. Heags's claim without determining whether it is barred by the post-conviction waiver contained in the plea agreement.

*B.     Ineffective Assistance*

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious

that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Mr. Heags first contends that his attorney should have challenged the drug quantity attributable to him at sentencing, particularly in relationship to the drugs assessed his co-defendant Henry Grisgby. Mr. Heags expresses frustration that Mr. Grigsby, "the initial person being investigated," was assigned responsibility for a lesser

4

quantity of drugs than Mr. Heags, who was only a "right hand man" to Mr. Grigsby.

Mr. Heags's frustration, however, cannot serve as the basis for habeas relief. And the record demonstrates that Mr. Heags's attorney was not ineffective in this regard. In fact, his attorney raised a challenge to the drug quantity in the Presentence Investigation Report. Mr. Heags and his attorney decided to withdraw that objection, however, to avoid the risk of losing acceptance of responsibility points. (Doc. 1231, at 560-61, 562-63.) Under *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690–91. The court sees no basis on which to condemn this strategic decision.

Mr. Heags also contends that his attorney was ineffective because he was under the influence of alcohol at sentencing. At the beginning of the sentencing hearing on December 18, 2009, the court was made aware of concerns that perhaps Mr. Heags's attorney, Dwight Miller, was under the influence of alcohol. The court took up the matter in open court. (Doc. 1231, at 558-64.) Mr. Miller denied having consumed alcohol that day and asserted that he was fully capable of discharging his professional duties. The court found those statements credible.

Out of an abundance of caution, the court cleared the courtroom to speak with Mr. Heags and Mr. Miller privately on the record. Mr. Heags assured the court that he had discussed his case with Mr. Miller and that he did not have concerns about Mr. Miller's ability to continue with the sentencing hearing. Mr. Heags reiterated that he wished to proceed that day instead of continuing the hearing for a later date. At the end of these

conversations, the court found that Mr. Miller was not impaired and that the hearing could continue. In light of this finding, Mr. Heags's ineffective-assistance claim fails.

    *C.*    *New Arguments in Reply Brief*

Mr. Heags tendered a reply brief (doc. 1363) in response to the Government's filing. However, in accepting a reply, this court will "deny or exclude summarily all arguments and issues first raised in [a] reply." *Wagher v. Guy's Foods, Inc.*, 765 F. Supp. 667, 671 (D. Kan. 1991).

In addition to discussing his plea waiver, which the Government failed to mention and which this court need not address, Mr. Heags asserted an additional claim of ineffective assistance, arguing that his attorney was ineffective during the plea negotiation because of his lack of "proper knowledge about the structure of and mechanics of the sentencing guidelines." Because this argument was first addressed in the reply brief, it is waived and not properly before this court. *SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009).

**IT IS ORDERED BY THE COURT** that defendant's § 2255 motion to vacate, set aside, or correct his sentence (doc. 1314) is **denied**.

**IT IS SO ORDERED** this 20th day of July, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
